Filed: 1/29/2015 1:41:23 PM
Andrea S. Thompson
District Clerk
Collin County, Texas
By Erica Armenta Deputy
Envelope ID: 3949143

NO.   219-00249-2015

| | | |
|---|---|---|
| LARRY WHITE, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 219th JUDICIAL DISRICT |
| | § | |
| WILLBROS GROUP, INC., and | § | |
| CHAPMAN CONSTRUCTION | § | |
| COMPANY, L.P., | § | |
| Defendants. | § | COLLIN COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED PETITION

Plaintiff Larry White ("White" or "Plaintiff") respectfully files this First Amended Petition against Willbros Group, Inc. ("Willbros") and Chapman Construction Company, L.P. ("Chapman") on the following grounds:

### I. DISCOVERY

1.  Plaintiff affirmatively pleads that discovery in this matter should be conducted in accordance with Discovery Control Plan Level Three, pursuant to Rule 190.4, Texas Rules of Civil Procedure, and move for entry of a scheduling order.

### II. PARTIES

2.  White is an individual residing in Collin County, Texas, who may be served by and through his undersigned counsel of record.

3.  Willbros is a corporation organized under the laws of the State of Delaware. Willbros has registered as a foreign for-profit corporation in the State of Texas, and has a principal place of business in the State of Texas located at 4400 Post Oak Parkway, Ste. 100, Houston, Texas 77027-3439. Willbros does business in the State of Texas, has done so at all material times, and may be served with process by and through its Texas registered agent at: National Registered Agents, Inc. 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

4. Chapman is a limited partnership organized under the laws of the State of Texas Texas. Chapman has a principal place of business in the State of Texas located at 10011 West University, McKinney, TX 75070, and may be served with process by and through its registered agent at: National Registered Agents, Inc., 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

### III. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action because the amount in controversy exceeds the court's minimum jurisdictional limits.

6. This Court has personal jurisdiction over Plaintiff because at all relevant times he was a resident of the State of Texas.

7. This Court has personal jurisdiction over Willbros because this suit, in part, concerns acts or omissions committed by Willbros in the State of Texas.

8. This Court has personal jurisdiction over Chapman because it is a limited partnership formed under the laws of Texas and this suit, in part, concerns acts or omissions committed by Chapman in the State of Texas.

9. Pursuant to Sections 15.002(a)(1) & 15.002(a)(4) of the Texas Civil Practice and Remedies Code, venue is proper in Collin County, Texas because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Collin County, Texas and Plaintiff resided in Collin County, Texas at the time of the accrual of the cause of action.

### IV. FACTUAL BACKGROUND

10. Willbros provides project management, engineering, material procurement, maintenance and life-cycle extension services to the global oil and gas industries, both upstream and downstream, and to the utility transmission and distribution industry. Chapman is a division

of Willbros and is an electric transmission and substation contractor. For several years, White worked for Chapman in McKinney, Texas as a Senior Vice President.

11. On or around May 8, 2013, White entered into an Employment Agreement with Chapman ("Chapman Employment Agreement"). Paragraph 2.1 of the Chapman Employment Agreement is entitled "Competition and Confidential Information," and it purports to incorporate by reference certain restrictive covenants contained within another document, the Willbros Group, Inc. 2010 Management Severance Plan for Senior Management ("Willbros MSP").

12. Under the terms of the Willbros MSP, "Participants" agree to specified restrictive covenants described therein relating to confidentiality, non-competition and non-solicitation. Among other things, the Willbros MSP: (a) prohibits Participants from sharing or disseminating confidential and proprietary information; (b) prohibits Participants from competing against Willbros by accepting employment with a Willbros competitor for one year after the Participant separates from Willbros; and (c) prohibits Participants from soliciting employees and/or clients of Willbros for one year after the Participant separates from Willbros.

13. Under the express terms of the Willbros MSP, an employee shall be entitled to be a Participant in the plan "if the employee is selected for participation by [the Willbros' Board of Directors] and the employee signs an Acceptance of Participation." Accordingly, an employee is not a "Participant" under the terms of the plan and the Willbros MSP is not effective as to an employee unless and until the employee signs a document demonstrating his or her intent to participate.

14. In addition to containing restrictive covenants, the Willbros MSP includes provisions that entitle Participants to a "Severance Benefit" (as therein described). An employee

would not be Participant entitled to the Severance Benefit unless the employee had signed required Acceptance of Participation.

15. Although the Chapman Employment Agreement makes reference to the Willbros MSP, White was never shown or provided a copy of the Willbros MSP by Chapman, Willbros, or anyone else. During the course of his employment with Chapman, White never saw the Willbros MSP, White never signed the Willbros MSP, and White never signed any type of Acceptance of Participation. Accordingly, under the terms of the Willbros MSP, White is not now and never has been a Participant.

16. White recently voluntarily resigned from employment with Chapman and has accepted employment with another entity. Following his resignation from employment with Chapman, White has learned that Willbros and/or Chapman are taking the position that White is bound by the restrictive covenants set forth in the Willbros MSP and they intend to attempt to enforce such restrictions against White (despite the fact that White never signed the Willbros MSP or an Acceptance of Participation).

17. In addition, as part of the Chapman Employment Agreement, White participated in the Management Incentive Compensation Program ("MICP"). Under the MICP, White was to receive, as a bonus for each calendar year of his employment, an amount equal to three-percent (3%) of the Chapman's Business Unit Income pursuant to a metric detailed in the Chapman Employment Agreement. This amount ranged from $50,000 to $560,000, per year, depending on the calculations used by Willbros. White recently learned that Willbros/Chapman is not going to honor and pay to White his earned and vested bonus under the MICP for the 2014 calendar year. This is a breach of the Chapman Employment Agreement.

## V. CLAIMS

18. To the extent necessary, Plaintiff pleads his claims in the alternative.

**Count One: Texas Declaratory Judgment Act**

19. Plaintiff incorporates all paragraphs above and below as if fully stated herein.

20. Accordingly, an actual, justiciable controversy exists between White, on the one hand, and Willbros and Chapman, on the other hand, regarding the respective rights, duties, and obligations of the parties, if any, under Chapman Employment Agreement, the Willbros MSP, and the MICP pursuant to the Uniform Declaratory Judgments Act § 37.001, et. seq. of the Texas Civil Practices and Remedies Code.

21. White therefore seeks an Order from this Court determining the rights, duties and obligations of the parties under the Chapman Employment Agreement, the Willbros MSP, and MICP.

22. Further, White seeks an Order awarding him such other relief as the Court deems proper.

**Count Two: Breach of Contract**

23. Plaintiff incorporates all paragraphs above and below as if fully stated herein.

24. The acts and/or omissions of Willbros and Chapman, as complained of herein, constitute a breach of contract. As set forth in the Chapman Employment Agreement, White has earned and is entitled to a bonus from the 2014 calendar year. Willbros and/or Chapman has claimed that they will not pay White the bonus that he is owed. Willbros and Chapman have

breached the Chapman Employment Agreement and as a direct and proximate result of said breach(es), Plaintiff has been damaged.

25. Plaintiff pleads for actual damages, attorneys' fees and costs.

### VI. Damages

26. *Actual Damages*. As a result of the wrongful acts of Defendants, as alleged above, Plaintiff has suffered injuries and actual damages in a sum which is within the minimum jurisdictional limits of this court, and Plaintiffs seek to recover all such actual damages from Defendants.

27. *Exemplary Damages*. As a result of the acts of Defendants, as alleged above, Plaintiff has suffered injuries and seeks to recover all available exemplary damages from Defendants to the maximum extent allowed by law.

28. *Attorney's Fees*. As a result of the actual, justiciable controversy surrounding Chapman Employment Agreement, the Willbros MSP, and the MICP, Plaintiff was required to retain the undersigned counsel to assist him in prosecuting and protecting his rights under the law. Plaintiff seeks to recover her reasonable and necessary attorneys' fees and costs incurred as permitted by law or in equity and/or pursuant to the Texas Declaratory Judgments Act (Section 37.01, et seq. of the Texas Civil Practice and Remedies Code).

29. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff states that he seeks monetary relief between $200,000 and $1,000,000.

### VI. Conditions Precedent

30. Plaintiff states that all conditions precedent have been performed or occurred herein.

### VI. Jury Demand

31. Plaintiff requests trial by jury and will tender the requisite fee.

WHEREFORE, Plaintiff, Larry White, respectfully prays that Defendants be cited to appear and answer and that, upon final hearing or trial of this matter, the Court enter judgment against Defendants for the following:

a. An award of the full amount of actual, compensatory and/or economic damages incurred by Plaintiff and caused by the acts and/or omissions of Defendants;

b. Reasonable and necessary attorneys' fees;

c. Pre-judgment and post-judgment interests;

d. Costs of Court; and

e. Such other and further relief, general or special, at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

/s/ Frank Hill
Frank Hill - State Bar No. 09632000
fh@hillgilstrap.com
Scott Stooksberry – State Bar No. 19311100
msstooksberry@hillgilstrap.com
Gregory A. Eyster – State Bar No. 24055462
geyster@hillgilstrap.com

HILL GILSTRAP, P.C.
1400 West Abram Street
Arlington, Texas 76103
Telephone: 817-261-2222
Facsimile: 817-861-4685

ATTORNEYS FOR PLAINTIFF

